FILED
SUPERIOR COURT
OF GUAM

2022 MAR -3 PM 12: 08

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DOUGLAS LUCAS,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM MEMORIAL HOSPITAL AUTHORITY,<br><br>Defendant. | CIVIL CASE NO. **CV1373-19**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on December 2, 2021, for hearing on Defendant Guam Memorial Hospital Authority's ("GMHA") Motion for Summary Judgment. Present remotely via Zoom were Attorney Jeffrey A. Cook on behalf of Plaintiff Douglas Lucas ("Plaintiff") and Deputy Attorney General James L. Canto II and Assistant Attorney General Yusuke Haffeman-Udagawa on behalf of GMHA. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This matter stems from a routine colonoscopy procedure conducted by Dr. Ronald T. Kobayashi on Plaintiff at Guam Memorial Hospital on June 23, 2016. Plaintiff alleges that GMHA staff negligently and carelessly inflicted multiple rectal tears on Plaintiff during the course of his recovery in the recovery room, by improperly removing a catheter from his rectum

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

that was used during the colonoscopy. While awakening from the anesthesia, Plaintiff heard GMHA staff say they were not sure how to remove the instrument left in his rectum during the colonoscopy. (Compl. ¶ 11). One of the nurses told Plaintiff to take a deep breath and pulled the tube out quickly. *Id.* at ¶ 12; Decl. of Douglas Lucas ¶ 6, Oct. 28, 2021. Although Plaintiff was still coming out of anesthesia, he felt pain when this occurred. (Decl. of Lucas ¶ 6). Jason Ralston who was about ten feet away and was present to give Plaintiff a ride home, observed two nurses acting chaotic around Plaintiff who was still on his side in a gown on the gurney. (Decl. of Jason Ralston ¶¶ 5-6, Oct. 28, 2021). Ralston saw a hand size blood stain on the sheet next to Plaintiff's rectum. *Id.* at ¶ 6. Ralston observed the two nurses rushing around, talking to each other and asking if the other did this, and they appeared to be in a hurry to get Plaintiff out of the hospital. *Id.* at ¶¶ 7-8. Plaintiff was pushed out of the hospital in a wheel chair and had difficulty getting into the car, as he appeared to still be under the influence of anesthesia. *Id.* at ¶ 9. On July 1, 2016, at a follow up appointment with Dr. Kobayashi, Plaintiff complained about the pain he was having in his rectum. (Decl. of Lucas ¶ 13). According to Plaintiff, "Dr. Kobayashi was surprised when he inspected [his] injury and immediately called Guam Memorial Hospital Authority to ask how this injury happened." *Id.* Several weeks prior to the June 23, 2016 colonoscopy, Plaintiff saw Dr. Ramsey N. Chichakli, urologist at Guam Regional Medical City, who found no problem with his rectum. *Id.* at ¶ 12.

Bench Trial was to commence on October 8, 2021. On September 28, 2021, Plaintiff and GMHA filed their respective witness and exhibit lists. On September 30, 2021, at the continued Pre-Trial Conference, Bench Trial was vacated in light of GMHA filing the instant Motion for Summary Judgment. On October 28, 2021, Plaintiff filed his Opposition, and on November 12, 2021, GMHA filed its Reply.

On December 2, 2021, the Court heard arguments on the Motion for Summary Judgment, and subsequently placed the matter under advisement.

//

//

//

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

Page 2 of 7

## I. Summary Judgment Standard

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. Rule 56(e). Further,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (internal quotation marks omitted).

## II. Medical Expert Testimony

GMHA moves the Court to grant summary judgment in its favor because "without expert testimony, Lucas in unable to produce any admissible evidence as to show how this accident occurred." (Mot. Summary Judgment at 3, Sept. 30, 2021). Plaintiff opposes, arguing that his case is based on the doctrine of *res ipsa loquitor*, and that "[b]ased on the facts of this

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

Page 3 of 7

particular case, a medical expert will not assist the trier of fact because the issue will be who that trier of fact believes as to whether Plaintiff suffered a torn rectum in the recovery room." (Opp'n at 2, Oct. 28, 2021). Plaintiff asserts that "[a]t most, all an expert could testify to is that a torn rectum is not normal result of a colonoscopy. Since GMHA denies the torn rectum occurred when Plaintiff was under its control, an expert would provide no other helpful information." *Id.* at 3.

In a cause of action for negligence, Plaintiff must prove the following elements to prevail: "a) that the tortfeaser had a duty to act in a manner that does not place others in an unreasonable risk of harm; b) that duty was breached; c) as a result of that breach it is the cause; d) of harm or damages suffered by a party." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 14 (citing Restatement (Second) Torts §§ 281 and 282 (1988)). Generally, medical malpractice cases alleging negligence require Plaintiff to show a professional standard of care was breached, and as a result of that breach, the party was injured. "[A] physician is required to possess and exercise, in both diagnosis and treatment, that reasonable degree of knowledge and skill which is ordinarily possessed and exercised by other members of his profession in similar circumstances." *Landeros v. Flood*, 551 P.2d 389, 392-93 (Cal. 1976). "The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of the layman." *Id.* at 394 (citations omitted). "[Q]ualified medical experts may, with a proper foundation, testify on matters involving causation when the causal issue is sufficiently beyond the realm of common experience that the expert's opinion will assist the trier of fact to assess the issue of causation." *Jennings v. Palomar Pomerado Health Systems, Inc.*, 8 Cal.Rptr.3d 363, 368 (Cal. Ct. App. 2003). "In a medical malpractice action, a plaintiff must prove the defendant's negligence was a cause-in-fact injury." *Id.* at 369.

To overcome GMHA's Motion for Summary Judgment, Plaintiff must establish that sufficient facts exist to support a prima facie case of negligence, as otherwise "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

Page 4 of 7

element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. To prove negligence, Plaintiff must show that (1) GMHA staff failed to exercise a degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, acting in the same or similar circumstances; and (2) GMHA staff's failure to exercise this degree of care was the cause of Plaintiff's torn rectum.

At this time, without expert testimony, Plaintiff has not made a sufficient showing supporting a breach of the requisite standard of care by GMHA and that GMHA's staff's actions were the cause of any injury to Plaintiff. Evidence must be sufficient to infer that in the absence of the defendant's negligence, there was a reasonable medical probability that the plaintiff would have obtained a better result. The Court finds that the proper use, placement, or removal of a post-colonoscopy catheter under the facts of this matter requires medical expert testimony. Without expert testimony, it is not clear whether post-colonoscopy catheter use is a common procedure, whether the nurse's rapid removal of the catheter is the standard practice, whether the risk of injury or pain to a rectum caused by rapid removal is within the acceptable standard of care for the procedure, or whether Plaintiff's reaction to the catheter being removed was typical. Although it may be possible for a layman to conclude that Plaintiff experienced pain and other adverse outcomes because of the rapid removal of the catheter, it does not necessarily follow that the care he received was substandard in any way. The Court therefore does not find that Plaintiff's situation falls within the narrow exception to the general rule that a plaintiff cannot establish a prima facie case of negligence without expert testimony.

The Court also does not find that Plaintiff can rely on the doctrine of *res ipsa loquitur* without any expert testimony. "*Res ipsa loquitur* literally means 'the thing speaks for itself.'" *Rahmani v. Park*, 2011 Guam 7 ¶ 37 (quoting Restatement (Second) of Torts § 328D, cmt. a (1965)). Under the doctrine of *res ipsa loquituri,* "it may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (1) the event is of a kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

Page 5 of 7

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." *Id.* (citing Restatement (Second) of Torts § 328D(1)). "The concept of res ipsa loquitur deals with circumstantial evidence and the presence of probabilities." *Elcome v. Chin*, 1 Cal.Rptr. 3d 631, 640 (Cal. Ct. App. 2003). The "use of the res ipsa loquitur doctrine is especially suited to a medical or dental malpractice setting in which the unwitting and often unconscious or semiconscious patient is at an evidentiary disadvantage because of his or her inability to demonstrate what occurred in the hospital or surgical room setting." *Id.* (citation omitted).

Without expert testimony, Plaintiff cannot meet the elements of *res ipsa loquitur*. *See Park*, 2011 Guam 7 ¶ 37. Although Plaintiff alleges that a GMHA nurse improperly removed the catheter from Plaintiff while he was in the recovery room, it is not clear without a medical expert what specifically an outcome indicative of negligence would be. Without expert testimony, it would be difficult to rule out other possibilities as to the possible causes of any rectal bleeding and Plaintiff's injury, plain and discomfort. As GMHA points out, such injury, pain and discomfort "could be from the catheter removal, from the colonoscopy performed by Dr. Kobayashi just prior to the catheter removal, from a pre-existing condition, or from a later, naturally-occurring condition. . . . all are equally probable and reasonable as explanations for the alleged injury" to a layman. (Mot. Summary Judgment at 7). Additionally, as GMHA argues, "without the benefit of expert medical testimony, Lucas cannot sufficiently show that the accident could not have been due to any voluntary action or contribution on his part." *Id.*

Accordingly, as Plaintiff cannot establish his negligence claim at trial without expert testimony, the Court grants GMHA's Motion for Summary Judgment. The Court will, however, give Plaintiff opportunity to seek an expert witness. Should Plaintiff choose to utilize an expert witness, an Amended Witness List shall be filed by April 22, 2022, and any relevant disclosures with respect to such proposed expert witness shall be made to GMHA prior to this date.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS GMHA's Motion for Summary Judgment. The Court will, however, give Plaintiff an opportunity to seek an expert witness.

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order

Page 6 of 7

Plaintiff may proffer an Amended Witness List and any disclosures related to the expert witness by April 22, 2022. A Status Hearing is set for **May 12, 2022** at **2:00 p.m.** via Zoom.

    **IT IS SO ORDERED** this 3rd day of March, 2022.

                        HONORABLE VERNON P. PEREZ
                        Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Cunziffe

A6

Date: _____ Time: 3/3/22

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

*Lucas vs. GMHA*
Case No. CV1373-19
Decision and Order